**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Arturo Rodriguez,                )  | |
|                                                )  | |
|           Plaintiff,                       )  | **ORDER GRANTING PLAINTIFF LEAVE TO** |
|                                                )  | **TO FILE AN AMENDED COMPLAINT** |
| vs.                                          )  | |
|                                                )  | |
| Toyota Motor Credit Corporation, )  | Case No. 1:20-cv-048 |
|                                                )  | |
|           Defendant.                   )  | |

Plaintiff initiated an action against defendant in Small Claims Court, Burleigh County, North Dakota, with the submission of a "Claim Affidavit" dated March 4, 2020. (Doc. No. 1-2). Seeking to recover $9,800.00 plus court cost from defendant, he alleges:

> 30 & 60 days late mark on credit report. Payment system has not worked on account for 2+ years causing payments to not register. Haven good this issue resolved in the past but continues to malfunction. Autopay, online payment and phone payments do not work on account. Cannot get a mortgage due to their 30 and 60 day late errors.

(Id.).

On March 26, 2020, defendant removed this small claims action to this Court based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. (Doc. No. 1). On March 16, 2020, it filed a Motion to Dismiss pursuant to the Fed. R. Civ. P. 12(b)(6). It asserts that plaintiff has not met the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and thus cannot maintain his claim against it.

On May 7, 2020, plaintiff filed a response in opposition to defendant's motion. He requests, among other things, leave to file an amended complaint.

Judge Traynor has referred this matter to the magistrate judge for preliminary consideration. For the reasons that follow, I shall grant plaintiff leave to file an amended complaint and, in the

interim, hold in abeyance my recommendation regarding the disposition of defendant's motion.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet the minimal pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Bell Atlantic"). The complaint must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints must allege sufficient facts to state a claim).

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Fed. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681. Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009).

Plaintiffs' "Claim Affidavit" fails to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. However, I recognize that plaintiff is proceeding pro se. I also appreciates that the rules governing small-claims pleadings are different than the rules in federal court. Consequently, I will afford plaintiff the chance to amend his pleadings and in so doing "flesh out" his claim before addressing defendant's motion. See e.g., Milakovich v. L.J. Ross Assocs., Inc., No. 19-CV-1353-PP, 2020 WL 620186, at *2 (E.D. Wis. Feb. 10, 2020) (affording plaintiff in an action removed from small claims court the opportunity to amend his pleadings).

Accordingly, plaintiff's request for leave to file an amended complaint is **GRANTED**. Plaintiff shall have until July 1, 2020, to file a file amended complaint that sets forth the basis for his claim against defendant. In setting forth the basis for his claim, plaintiff should identify what statutes he believes defendant violated, and what exactly the defendant did to violate that these statutes. Plaintiff is also strongly encouraged to seek out legal representation in this matter.

**IT IS SO ORDERED.**

Dated this 18th day of May, 2020.

> */s/ Clare R. Hochhlater*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court